IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONALD A. BOUCHARD, III and REBECCA BOUCHARD, Individually and as Representatives of the Estate of DONALD A. BOUCHARD, JR., <br><br> *Plaintiffs*, <br> v. <br><br> UNION PACIFIC RAILROAD COMPANY, <br><br> *Defendant*. | Civil Action No. H-08-1156 |

## **OPINION AND ORDER**

Presently before the Court is Devorah Gussett's Motion to Intervene (Doc. 27) and Plaintiffs' Response to Devorah Gussett's Motion to Intervene (Doc. 28). For the reasons articulated below, the Court finds that the motion to intervene should be denied.

I.     Background and Relevant Facts

Plaintiffs Donald A. Bouchard, III and Rebecca Bouchard (collectively, Plaintiffs) initiated suit against Defendant Union Pacific Railroad Company (Union Pacific) for the wrongful death of Plaintiffs' father, Donald A. Bouchard, Jr. (Decedent). Decedent crashed his motorcycle attempting to cross one of Union Pacific's railroads and died from his injuries. Plaintiffs' have brought this action under the Texas wrongful death statute, TEX. CIV. PRAC. REM. CODE § 71.002.

On February 1, 2008, Plaintiffs entered into an agreement with Devorah Gussett (Gussett) whereby Gussett would be entitled to 20% of any proceeds from the instant cause of action. (Doc. 27 Ex. C). Gussett subsequently filed her motion to intervene as Decedent's

common law spouse.  Prior to doing so, however, Gussett filed a declaratory judgment action in the 257th District Court of Harris County, Texas (Cause No. 2009-01580) to certify her status as Decedent's spouse (Doc. 27 Ex. A).  Gussett's petition was dismissed with prejudice on March 11, 2008.  (Doc. 28 Ex. 1).

II.     Discussion

"The purpose of intervention is to admit, by leave of court, a person who is not an original party into a proceeding.  The intervening party then becomes a 'party' for the purpose of protecting some right or interest alleged by the interven[o]r to be affected by the proceeding." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994).  Rule 24 allows two types of intervention: intervention as of right and permissive intervention.  Fed. R. Civ. P. 24.

A.     Intervention as of Right

When a statute does not provide an unconditional right to intervene, Fed. R. Civ. P. 24(a)(2) allows intervention as of right if (1) the motion is timely, (2) the proposed intervenor claims an interest related to the property or transaction underlying the action, (3) disposition of the action may impair or impede the intervenor's ability to protect that interest, and (4) the current parties do not adequately represent the intervenor's interest.  *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (citing *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)).

Gussett contends that she has a right to intervene because she has an interest as Decedent's common law spouse or, alternatively, under the terms of her agreement with Plaintiffs.  Gussett has failed to prove that she was Decedent's common law spouse.  As stated above, the state court dismissed with prejudice her declaratory judgment action in which she sought to establish this fact.  Accordingly, the Court concludes that Gussett has no interest in the instant action.  In further support thereof, a wrongful death action is for the "exclusive benefit of

the surviving spouse, children, and parents of the deceased," and alleged spouses must prove the existence of a marriage to have standing in such an action. TEX. CIV. PRAC. REM. CODE § 71.004(a); *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998). Gussett has failed to establish that she was Decedent's spouse and, as such, cannot benefit from this wrongful death action.

In the alternative, Gussett claims that she has an interest based on her agreement with Plaintiffs. The Court, however, finds that this interest is insufficient. Purely economic interests do not satisfy the interest requirement. *Ross*, 426 F.3d at 757. Under Rule 24(a)(2) a prospective intervenor's interest must be "'direct, substantial, and legally protectable.' This requires a showing of something more than a mere economic interest; rather, the interest must be 'one which the *substantive law* recognizes as belonging to or being owned by the applicant." *Ross*, 426 F.3d at 757 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463-64 (5th Cir. 1984)). Gussett's interest under the agreement is merely economic and, as such, is insufficient for intervention as of right.

Because Gussett does not have a sufficient interest in the case, she does not have a right to intervene.

B.  Permissive Intervention

When a statute does not provide a conditional right to intervene, permissive intervention may be appropriate if the intervenor (1) timely files a motion, (2) has a claim or defense that shares a common question of law or fact with the main action, and (3) has an independent basis for jurisdiction. Fed. R. Civ. P. 24(b)(1); *Harris v. Amoco Production Co.*, 768 F.2d 669, 675 (5th Cir. 1985) (citing *Hunt Tool Co. v. Moore, Inc.*, 212 F.2d 685, 688 (5th Cir. 1954)). Permissive intervention is wholly at the discretion of the Court even if the requirements of Rule 24(b) are satisfied. *Staley v. Harris County Texas*, 160 F. App'x 410, 414

(5th Cir. 2005) (citing *New Orleans Public Service*, 732 F.2d at 471)); *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006).

Gussett posits that she has met these three requirements and should be allowed to intervene because of her interests in the suit. Even if she did satisfy these three requirements, the Court nevertheless concludes that permissive intervention is inappropriate. As the Court discussed earlier, Gussett was not Decedent's spouse and cannot benefit from the instant wrongful death cause of action. Accordingly, in its discretion, the Court finds that Gussett's request for permissive intervention must be denied.

IV. Conclusion

For the reasons set forth above, the Court hereby ORDERS that Devorah Gussett's Motion to Intervene (Doc. 27) is DENIED.

SIGNED at Houston, Texas, this 28th day of May, 2009.

MELINDA HARMON

UNITED STATES DISTRICT JUDGE

- 4 -